UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
AT HOUSTON

| | |
|---|---|
| RUSUL KAREEM HUSSEIN, on behalf of herself; and AMMAR IMAD ALI KARWI on behalf of himself<br><br>*Plaintiffs,*<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, in his official capacity as Acting Secretary of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UR MENDOZA JADDOU, in her official capacity as Director of United States Citizenship and Immigration Services; HOMELAND SECURITY INVESTIGATIONS; STEVE K. FRANCIS, in his official capacity as Acting Executive Associate Director of Homeland Security Investigation; MATTHEW D. EMRICH, in his official capacity as Associate Director of United States Citizenship and Immigration Services Fraud Detection and National Security Directorate; FEDERAL BUREAU OF INVESTIGATION; CHRISTOPHER A. WRAY, in his official capacity as Director of the Federal Bureau of Investigation; MERRICK B. GARLAND, in his official capacity as United States Attorney General, and MARILYN H. REBATTA, in her official capacity as Acting Field Office Director of the US Citizenship and Immigration Services Houston Field Office<br><br>*Defendants* | Case No. 4:23-cv-02192<br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND INJUNCTIVE RELIEF**<br><br>USCIS Case Nos. IOE9845441476<br>       IOE9509984065 |

Mohamed Elsharnoby, Esq.
*Attorney for Plaintiffs*
Elsharnoby & Associates
12824 Ford Road, Suite 2
Dearborn, MI 48126
elsharnoby@iwantlawyer.com
Tel: 313-581-9666

1

# INTRODUCTION

1. Under the Administrative Procedures Act ("APA") Plaintiffs seek to compel Defendants' completion of the N-400 Applications for Naturalization for RUSUAL KAREEM HUSSEIN (hereinafter "Plaintiff Hussein") and AMMAR IMAD ALI KARWI (hereinafter "Plaintiff Karwi") and have the naturalization -process completed. On August 23, 2022, Plaintiff Karwi appeared for his naturalization interview where he was recommended for approval. A Naturalization Oath Ceremony was scheduled and then subsequently cancelled without physical notices mailed. Since then, he has not been scheduled for another oath ceremony. On or about April 22, 2021, Plaintiff Hussein received a notice scheduling her for her naturalization interview for May 27, 2021. The interview was later cancelled due to unforeseen circumstances on April 30, 2021. Plaintiff Karwi and Plaintiff Hussein are experiencing emotional and financial hardship as a result of the delay. Defendants' approximately twenty-six (26) month delay in rescheduling Plaintiff Karwi's oath ceremony and Plaintiff Hussein's naturalization interview is unreasonable, unexplained, and will cause irreparable injury to Plaintiffs.

# JURISDICTION AND VENUE

2. This court has federal question jurisdiction under 28 USC. Section 1331, as well as jurisdiction over actions of mandamus under 28 USC Section 1361 and 28 USC Section 1651. Jurisdiction is also conferred under 5 USC Section 555(b), Section 704, and Section 706 of the APA.

3. Under 28 USC Section 1361, "[t]he districts courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."

4. The APA states that a person who is suffering a legal wrong due to an agency action, or is negatively affected or aggrieved by an agency action as defined within the statute, is entitled to judicial review. 5 USC Section 702.

5. Included in the definition of judicial review is the power of the district court to "compel agency action unlawfully withheld or unreasonably delayed." 5 USC § 706(1); *Brock v. Pierce County*, 476 U.S. 253, 260 n.7, 106 S. Ct. 1834, 1839 n.7, 90 L. Ed. 2d 248 (1986); *Cardenas v. Napolitano*, Civil Action No. 08-CV-459-KC, 2010 U.S. Dist. LEXIS 38437, at *8 (W.D. Tex. Apr. 15, 2010).

6. Federal question statute 28 USC Section 1331 along with the APA "vests the court with jurisdiction to compel agency action that is unreasonably delayed or withheld." *Sierra Club v. Glickman*, 156 F.3d 606, 617 (5th Cir. 1998); *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 822 (S.D. Tex. 2008).

7. 8 USC Section 1447(b) further grants jurisdiction to the United States district court for the district in which the applicant resides "If there is a failure to make a determination under section 335 before the end of the 120-day period after the date on which the examination is conducted under such section." 8 USC § 1447(b).

8. Plaintiff Karwi is not challenging a discretionary decision by the U.S. Citizenship and Immigration Services (hereinafter "USCIS"). Plaintiff Karwi is challenging Defendant's authority to refuse to schedule Plaintiff's oath ceremony based on an approved naturalization interview. Therefore, jurisdiction is proper for this court to consider whether USCIS has authority to refrain from scheduling his oath ceremony. *See Saleh v. Barrows,* NO. 3:07-CV-0136-L, 2007 U.S. Dist. LEXIS 82357, (N.D. Tex. Nov. 6, 2007).

9. 8 CFR Section 103.2(b)(18) of the regulation states that "If an investigation has been undertaken and has not been completed within one year of its inception, USCIS will review the matter and determine whether adjudication of the benefit request should be held in abeyance for six months or until the investigation is completed, whichever comes sooner" and then at six-month intervals to determine whether withholding of a decision is appropriate. 8 C.F.R § 103.2(b)(18).

10. 8 USC Section 1446(b) requires USICS to decide each application without discretion to decline to decide. 8 USC § 1446(b).

11. Plaintiff Hussein is not challenging a discretionary decision by USCIS. Plaintiff Hussein is challenging Defendant's authority to refuse to schedule Plaintiff Hussein's naturalization interview again after scheduling it and then cancelling it. Therefore, jurisdiction is proper for this court to consider whether USCIS has authority to refrain from re-scheduling her naturalization interview. *See Sawan v. Chertoff,* NO. H-08-1550, 2008 U.S. Dist. LEXIS 93581, (S.D. Tex. Aug. 14, 2008).

12. The APA provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 USC § 555(b). Thus, the Department of Homeland Security, USCIS, Homeland Security Investigations, and Federal Bureau of Investigation, are subject to this statute and are required to decide within a reasonable time. *Zemin Hu v. Reno*, NO. 3-99-CV-1136-BD, 2000 U.S. Dist. LEXIS 5030, at *10 (N.D. Tex. Apr. 18, 2000); (The Court holding that Plaintiffs are permitted to bring a mandamus action because although "Defendant has the discretionary power to grant or deny applications…it does not have the discretion as to whether or not to decide at all.") *Villa v. United States Dep't of*

*Homeland Sec.,* Civil Action No. 1:08-CV-00621, 2009 U.S. Dist. LEXIS 28901, at *16 (N.D.N.Y. April 6, 2009).

13. Therefore, "[w]here the agency in charge of adjudication fails to render a decision within a reasonable time, as required by § 555(b), the court has power to grant a writ of mandamus compelling adjudication." *Am. Acad. of Religion v. Chertoff*, 463 F. Supp. 2d 400, 420 (S.D.N.Y. 2006). *Agbemaple v. INS*, 1998 U.S. Dist. LEXIS 7953, *6 (N. D. Ill May 18, 1998) ("We hold that as a matter of law, [Applicant] is entitled to a decision within a reasonable time, and that it is within the power of the court to order such an adjudication"); *Razaq v. Poulos*, No. C 06-2461 WDB, 2007 U.S. Dist. LEXIS 770, at *10 (N.D. Cal. Jan. 8, 2007) ("It is equally clear that Congress had to have intended the executive branch to complete these 'adjudications' within a reasonable time -- because imposing no time constraint at all on the executive branch would be tantamount to giving the government the power to decide whether it would decide.").

14. Venue in the Southern District of Texas is appropriate under 28 USC Section 1391(e)(1) as this action is against the United States, its officers and its employees and Plaintiffs reside in this district.

**PARTIES**

15. Plaintiff Karwi became a lawful permanent resident on December 19, 2013. On February 16, 2020 he filed his N-400 Application for Naturalization. He was then issued a notice for his N-400 interview scheduled for April 6, 2021. On that date, Plaintiff Karwi appeared at the USCIS office and was administered the citizenship test. According to USCIS officer B. Yergo, Plaintiff Karwi passed the English test and the U.S. history and government test and his application was recommended for approval. Later on, according to his USCIS case

5

history status, a Naturalization Oath Ceremony was scheduled and then subsequently cancelled on April 30, 2021 without any reason. Plaintiff Karwi did not receive via mail the notice scheduling the naturalization oath ceremony nor the cancellation notice. His case has been pending since then. As such, the case is well outside of processing times and is suffering as a result of this approximately twenty-six (26) month delay in administering the oath for his case.

16. Plaintiff Hussein became a lawful permanent resident on December 19, 2013. On February 16, 2020, she filed her N-400 Application for Naturalization. On April 22, 2021 an interview for her N-400 application was scheduled for May 27, 2021 at 10:55 am. On April 30, 2021, she received notice that her naturalization interview was cancelled. Her case has been pending since then. As such, the case is well outside of processing times and is suffering as a result of this approximately twenty-six (26) month delay in scheduling her naturalization interview.

17. Defendant Department of Homeland Security ("DHS") is a cabinet department of the United States federal government responsible for immigration-related services (USCIS) enforcement (Immigration and Customs Enforcement) and investigations (Homeland Security Investigations), among other responsibilities. DHS oversees USCIS and its implementation of federal law and policy with respect to immigration benefits and applications.

18. Defendant Alejandro Mayorkas, Secretary of DHS, is the department under which USCIS and other immigration agencies operate. Defendant Mayorkas has supervisory responsibility over USCIS. Plaintiffs sue Defendant Mayorkas in his official capacity.

19. Defendant U.S. Citizenship and Immigration Services (USCIS) is an agency of DHS and is responsible for overseeing the adjudication of immigration benefits, including Adjustment of Status applications based on refugee status. USCIS implements the federal law and policy with respect to immigration benefits.

20. Defendant Ur M. Jaddou is the Director of USCIS. She establishes and implements the policies of immigration benefits applications for USCIS and its subdivisions. Plaintiffs sue Defendant Jaddou in her official capacity.

21. Defendant Homeland Security Investigations ("HSI") is an agency of the DHS, and is responsible for national security investigations on behalf of DHS in coordination with the National Counterterrorism Center. HSI is one of the agencies that provides data for background checks to DHS.

22. Defendant Steve K. Francis is the Acting Executive Associate Director of HSI. Defendant Francis has supervisory responsibility over HSI. Plaintiffs sue Defendant Francis in his official capacity.

23. Defendant Matthew D. Emrich is the Associate Director of USCIS's Fraud Detection and National Security Directorate ("FDNS"), which works to determine whether an individual or organization filing for immigration benefits poses a threat to national security, public safety, or the integrity of the nation's legal immigration system. FDNS agents are placed both within USCIS and in other agencies, including DOS and HSI. Defendant Emrich has a supervisory responsibility over FDNS. Plaintiffs sue Defendant Emrich in his official capacity.

24. Defendant Federal Bureau of Investigation ("FBI") is a national security organization with intelligence and law enforcement responsibilities. It is responsible for background checks,

including name checks, requested by other agencies including HSI, FDNS, USCIS, and DOS.

25. Defendant Christopher A. Wray is the Director of the FBI. He has supervisory responsibility over the FBI. Plaintiffs sue Defendant Wray in his official capacity.

26. Defendant United States Attorney General, Merrick B. Garland, is the sole authority to naturalize persons as citizens of the United States. Plaintiffs sue Defendant Garland in his official capacity.

27. Defendant Marilyn H. Rebatta is the Acting Director of the Houston Field Office which gave the Decision on the N-400 Application. She is responsible for reviewing decisions made by her office and overseeing administration. Plaintiffs sue Defendant Rebatta in her official capacity.

## LEGAL FRAMEWORK

28. The United States Attorney General has exclusive jurisdiction to adjudicate and process Naturalization applications. 8 USC § 1421.

29. A person shall not be naturalized unless he has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of this chapter. 8 USC § 1429.

30. The Attorney General designates an employee of the Service to conduct naturalization examinations upon the application and then make a determination as to whether the application should be granted or denied, with reasons therefore. 8 USC § 1446

31. The APA requires that a government agency "act upon matters presented to it 'within a reasonable time[.]" *Alsharqawi v. Gonzales*, Civil Action No. 3:06-CV-1165-N, 2007 U.S. Dist. LEXIS 29808, at *7 (N.D. Tex. Mar. 14, 2007).

32. Plaintiffs Karwi and Hussein are now challenging the Attorney General and the other defendants' authority to act and/or failure to take an action under the Mandamus Act.

33. The Mandamus Act allows district courts to hear actions "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 26 USC § 1361. The Court is permitted to provide relief when the plaintiff demonstrates that the defendant has a clear duty to act, that the plaintiff has a clear right to the relief being sought, and no other adequate remedy is available. *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002); *Alsharqawi v. Gonzales*, Civil Action No. 3:06-CV-1165-N, 2007 U.S. Dist. LEXIS 29808, at *8 (N.D. Tex. Mar. 14, 2007); *Zemin Hu v. Reno*, NO. 3-99-CV-1136-BD, 2000 U.S. Dist. LEXIS 5030, at *11 (N.D. Tex. Apr. 18, 2000).

34. Plaintiffs Karwi and Hussein have met all three criteria in this instance. Defendants have a clear duty to act. The issuance of naturalization is the responsibility of the Attorney General. *See* 8 USC § 1421.

35. Second, Plaintiffs Karwi and Hussein have a clear right to relief that they are seeking. The INA provides that upon presentation of adequate proof, an applicant "shall be furnished by the Attorney General with a certificate of citizenship . . ." 8 U.S.C. § 1452. Thus, although immigration officials are vested with broad discretion in making the ultimate decision whether to grant or deny an application for naturalization, they have a non-discretionary duty to process the application within a reasonable time. *Fraga v. Smith,* 607 F. Supp. 517, 521 (D. Or. 1985). This language implicitly requires INS to process naturalization applications with reasonable promptness.

36. Alternatively, the alien is entitled to hearing before the United States district court if there is no determination on his application before the expiration of one-hundred twenty (120) days from the date the examination is conducted. 8 USC §1447(b).

37. Furthermore, there is no other adequate relief available in this instance as the statute does not provide recourse for an individual's case pending more than 120 days. *Saleh v. Barrows,* NO. 3:07-CV-0136-L, 2007 U.S. Dist. LEXIS 82357, (N.D. Tex. Nov. 6, 2007) (The Court granted Petitioner's Petition for Writ of Mandamus whose naturalization application was not granted or denied within the 120-day time period after the application interview even though he passed the required English, United States history, and United States government tests."); *Dae Hyun Kim v. Ashcroft,* Civil Action No. 04 Civ. 1639, 2004 U.S. Dist. LEXIS 14397, at 24* (S.D.N.Y. July 27, 2004). (The Court found that there should not be "unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish indefinitely.").

38. Additionally, there is no other adequate relief available in this instance as the statute does not provide recourse for an individual's case whose examination is held in abeyance for more than six-months after the one year of its investigation inception without providing a reason as to why the withholding is appropriate. However, there is a non-discretionary duty to adjudicate applications. *Hamandi v. Chertoff,* No. 07-2153 (ESH), 550 F. Supp. 2d 46, 2008 U.S. Dist. LEXIS 36400. There is no indication as to why there is a delay in scheduling her interview as USCIS has not stated that it was due to the FBI's failure to complete its name check.

**FACTUAL BACKGROUND**

39. Plaintiffs Karwi and Hussein first arrived in the US as refugees on December 19, 2013, left and then returned on February 9, 2015 and have not left since. In the last eight plus years, Plaintiffs have established significant ties to the United States. Nonetheless, they have been experiencing mental, financial, and emotional distress from approximately twenty-six (26) month of pending status.

40. Plaintiffs Karwi and Hussein filed their N-400, Application for naturalization on or about February 16, 2020.

41. Plaintiff Karwi appeared for his naturalization interview scheduled for April 6, 2021 where he passed the English test and the U.S. history and government test and his application was recommended for approval.

42. According to Plaintiff Karwi's USCIS case status history, he was scheduled for a Naturalization Oath Ceremony which was later subsequently cancelled on April 30, 2021 without notices being mailed to his address. To date, his oath ceremony has still yet to be rescheduled.

43. On or about April 22, 2021, Plaintiff Hussein received notice that an interview for her N-400 application was scheduled for May 27, 2021 at 10:55 am. On or about April 30, 2021, she received notice that her N-400 interview was cancelled due to unforeseen circumstances. To date, her naturalization interview has still yet to be rescheduled.

44. Plaintiffs Karwi and Hussein have two children, Binar Ammar Imad Karwi and Eva Ammar Imad Karwi.

## PROCEDURAL HISTORY AND EXHAUSTION

45. Plaintiffs Karwi and Hussein were issued green cards as a legal permanent resident on December 19, 2013.

46. Plaintiffs Karwi and Hussein applied for an N-400 Application for Naturalization on or about February 16, 2020.

47. On or about March 5, 2021, Plaintiff Karwi was issued a notice for his N-400 interview scheduled for April 6, 2021 at 9:35 a.m.

48. On or about April 6, 2021, Plaintiff appeared at the USCIS office and was administered the citizenship test. According to USCIS officer B. Yergo,, Plaintiff Karwi passed the English test and the U.S. history and government test and his application was recommended for approval.

49. According to Plaintiff Karwi's USCIS online account status, on or about April 6, 2021, his N-400 application was placed in line for oath ceremony scheduling, however a notice was never mailed to him.

50. On or about April 22, 2021, Plaintiff Hussein was issued a notice for her N-400 interview scheduled for May 27, 2021 at 10:55 a.m.

51. According to Plaintiff Karwi's USCIS online account status, on or about April 30, 2021, oath ceremony was cancelled. Again, no notice was mailed to him directly.

52. On or about April 30, 2021, Plaintiff Hussein received a notice that the N-400 interview previously scheduled for May 27, 2021 was cancelled due to unforeseen circumstances.

53. On or about May 2, 2022, Plaintiff Hussein contacted USCIS regarding her N-400 application and received a response on May 3, 2022 stating that her application is currently pending the scheduling of the interview and that she would be notified once a date is available.

54. On or about August 11, 2022, Plaintiff Karwi contacted USCIS regarding the delay in the scheduling of his oath ceremony. USCIS responded on August 12, 2023 that his case was still under review or in process and that any changes would be mailed to him.

55. On or about August 11, 2022, Plaintiff Karwi contacted USCIS regarding the delay in the scheduling of his oath ceremony. USCIS responded on September 9, 2023 that a service request was assigned to the Houston Field Office which stated his case was still under review or in process and that any changes would be mailed to him.

56. On or about September 6, 2022, Plaintiff Karwi received a response stating that he would receive a call or email within 1-2 business days. Plaintiff Karwi never received a call or email.

57. On or about December 16, 2022, Plaintiff Hussein contacted USCIS regarding her N-400 application and received a response on December 19, 2022 stating that her application is still pending and that a decision should be made within 120 days of the notice.

58. On or about December 19, 2022, Plaintiff Karwi contacted USCIS regarding the delay in the processing of his N-400 Naturalization application. USCIS responded stating that his application is still pending and that he should receive a decision or notice within 120 days.

59. On or about January 22, 2023, Plaintiff Karwi contacted USCIS regarding the delay in the processing of his N-400 Naturalization application. USCIS responded on January 23, 2023 stating that a decision had not yet been made and is still under review.

60. On or about January 22, 2023, Plaintiff Hussein contacted USCIS regarding the delay in the processing of her N-400 Naturalization application. USCIS responded on January 24, 2023 stating that a decision had not yet been made and is still under review.

61. On or about April 11, 2023, Plaintiff Karwi contacted USCIS regarding the delay in the processing of his N-400 Naturalization application. USCIS responded stating that a decision had not yet been made and is still under review.

62. On or about April 11, 2023, Plaintiff Hussein contacted USCIS regarding the delay in the processing of her N-400 Naturalization application. USCIS responded stating that a decision had not yet been made and is still under review.

63. On or about May 2, 2023, Plaintiff Hussein contacted USCIS regarding the delay in the processing of her N-400 Naturalization application. USCIS responded on or about May 3, 2023 stating that her application is currently pending the scheduling of the interview.

64. On or about May 30, 2023, Plaintiff Karwi received a response to his Ombudsman Request number 2023066021 regarding his N-400 Application for Naturalization acknowledging receipt of his request and that they contacted USCIS.

65. On or about May 30, 2023, Plaintiff Karwi contacted USCIS regarding the delay in the processing of his N-400 Naturalization application. USCIS responded on May 31, 2023 stating that they are unable to move forward with his application until the required background checks have been completed.

66. On or about May 30, 2023, Plaintiff Hussein contacted USCIS regarding delay in scheduling her interview. USCIS responded on May 31, 2023 stating that they will review the reschedule letter and a decision will be made for reschedule and/or transfer.

67. On or about June 1, 2023, Plaintiff Karwi received a response regarding his Ombudsman request stating that his case was under active review with no timeframe for resolution and that they would follow up with USCIS monthly.

**CLAIMS**

First Cause of Action for Writ of APA mandamus:

68. Plaintiffs re-allege and incorporates all paragraphs above as thoroughly stated herein.

69. Plaintiffs have fully complied with any and all requirements under the statutes and regulations for naturalization. Plaintiffs properly filed for Naturalization as legal permanent residents paying all required fees and submitting all necessary documents to Defendant USCIS. Defendant Karwi appeared for his naturalization interview and passed the English test and the U.S. history and government test. Defendant Hussein was scheduled for her naturalization interview, which was then cancelled and never rescheduled.

70. Defendants have willfully and unreasonably failed to schedule Plaintiff Karwi's oath ceremony for 120 days since his interview, thereby depriving Plaintiff of his rights under 8 U.S.C. § 1452 and 1447(b) to obtain a decision within a reasonable time under the APA.

71. Defendants owe Plaintiffs Karwi and Hussein a duty to act upon their Naturalization application. Defendants failed to carry out their adjudicative and administrative duties under the law. Scheduling the oath ceremony based on an approved naturalization interview is ministerial, non-discretionary function which Defendants are required to complete within a timely manner. Defendants are also required to decide each application without discretion to decline to decide.

72. Defendants owe Plaintiff Hussein a duty to review its determination to withhold adjudication of her naturalization application every six months in the event it requires an investigation;

73. Defendants' approximately 14-month delay is by default an unreasonable amount of time. Defendants have failed to carry out the duty required to adjudicate on the case.

74. Defendants' delay is without justification and caused hardship upon Plaintiffs. Plaintiffs are unable to expand their employment opportunities in the United States without citizenship. They are unable obtain certain affordable insurance, low interest bank loans, and other types of benefits offered to U.S. citizens. Most importantly, Plaintiffs and their two children are suffering mentally and emotionally as they has been waiting approximately twenty-six (26) month not knowing what will their future hold. They live in a constant state of worry, not knowing when they will be able to become naturalized citizens, continue to live in a transient status, or lose their status.

75. Plaintiffs have exhausted all other avenues for relief and has no alternative way to obtain a new oath ceremony and interview date. The delay is without justification, causing Plaintiffs to resort to this Honorable Court for relief. Therefore, a writ of mandamus is warranted.

Second cause of action – APA Arbitrary and Capricious Standard under 5 USC Section 706(2)(2)(c) against Defendants

76. Plaintiffs re-allege and incorporate all paragraphs above as thoroughly stated therein.

77. Plaintiff Karwi has established that he is admissible, seeking naturalization based on a legal permanent residence status and successfully passing the English test and the U.S. history and government test which resulted in a recommendation for approval.

78. Plaintiff Hussein has established that she is also admissible, seeking naturalization based on a legal permanent residence status and was previously scheduled for her naturalization interview

79. Plaintiffs Karwi and Hussein have no avenue to become naturalized citizens other than adjudicating their naturalization applications.

80. Defendants' lack of action on Plaintiff Karwi's scheduling of an oath ceremony based on an approved naturalization interview is arbitrary and capricious and not in accordance with the law.

81. Defendants' lack of action on Plaintiff Hussein's scheduling of her naturalization interview is arbitrary and capricious and not in accordance with the law.

82. Therefore, the Court should remand the case with instructions to schedule Plaintiff Karwi for an oath ceremony based on an approved naturalization interview and to re-schedule Plaintiff Hussein for her naturalization interview as Defendant has not provided any reasons why doing so is not possible.

## RELIEF

Wherefore Plaintiffs request that this court grant the following:

1. Compel Defendants and those acting under them to perform their duties to schedule Plaintiff Karwi for an oath ceremony based on an approved naturalization interview without more delay;

2. Compel Defendants and those acting under them to perform their duties to schedule Plaintiff Hussein for a naturalization interview without more delay;

3. Compel Defendants and those acting under them to complete any and all background checks and other reviews of Plaintiff Karwi and Plaintiff Hussein without further delay;

4. Compel Defendants to review the determination to withhold adjudication of Plaintiffs applications every six-months and providing Plaintiffs updates accordingly as required;

5. Compel Defendants to adjudicate the cases without further delay;

6. Maintain jurisdiction over this matter until Plaintiff Karwi has successfully naturalized and Plaintiff Hussein has been scheduled and successfully attends her naturalization interview; and

7. Grant any and all other relief as this Court deems proper.

Respectfully Submitted this 14th day of June 2023:

/s/ Mohamed Elsharnoby
Mohamed Elsharnoby, Esq.
*Attorney for Plaintiff*
Elsharnoby & Associates
12824 Ford Road, Suite 2
Dearborn, MI 48126
elsharnoby@iwantlawyer.com
Tel: 313-581-9666